IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

THOMAS D. RHODES, JR.                                                                              PLAINTIFF

vs.                                       Civil No. 4:15-cv-04006

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Thomas D. Rhodes, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

      The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

      Plaintiff filed his DIB application on December 23, 2010. (Tr. 338). In his application, Plaintiff alleges being disabled due to back problems and Lyme Disease. (Tr. 367). Plaintiff alleges an onset date of October 6, 2010. (Tr. 338). This application was denied initially and again upon reconsideration. (Tr. 127-128). Thereafter, Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 48-68).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

Plaintiff's first administrative hearing was held on February 23, 2012, and Plaintiff's second administrative hearing was held on November 27, 2012. (Tr. 48-91). Thereafter, on January 25, 2013, the ALJ entered his first decision denying Plaintiff's application for benefits. (Tr. 129-143). After the ALJ entered that decision, Plaintiff sought the review of the Appeals Council. (Tr. 149-151). The Appeals Council remanded Plaintiff's case to the ALJ for third administrative hearing. (Tr. 92-126).

This third hearing was held on June 3, 2014 in Texarkana, Arkansas. (Tr. 92-126). Plaintiff was present at this hearing and was represented by counsel, Greg Giles. *Id.* Plaintiff, Vocational Expert ("VE") Suzette Skinner, Medical Expert #1 ("ME1") Alan Smith, and Medical Expert #2 ("ME2") Kweli Amusa testified at this hearing. *Id.*

After this hearing, on September 5, 2014, the ALJ entered an unfavorable decision denying Plaintiff's DIB application. (Tr. 12-24). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 14, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from his alleged onset date of October 6, 2010 through his date last insured of December 31, 2013. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the following severe impairments through his date last insured: degenerative disc disease of the lumbar spine, degenerative joint disease of the left shoulder, degenerative joint disease of the right hand, gastroesophageal reflux disease (GERD), affective disorder, adjustment disorder, personality disorder not otherwise specified, and a history of substance addiction disorder. (Tr. 14, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix

1 to Subpart P of Regulations No. 4 ("Listings").  (Tr.  14-16, Finding 4).

The ALJ determined Plaintiff was forty-nine (49) years old on his date last insured.  (Tr. 23, Finding 7).  As such, he qualifies as a "younger person" under 20 C.F.R. § 404.1563(c) (2008).  (Tr. 23, Finding 7).  As for his education, the ALJ found Plaintiff had at least a high school education and was able to communicate in English.  (Tr. 23, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC").  (Tr. 16-22, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that he can lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday.  The claimant can occasionally climb ramps/stairs, balance, stoop, and crouch, but should avoid climbing ladders, ropes or scaffolds.  He can frequently perform fingering with the right hand.  The claimant should avoid concentrated exposure to vibration, cold or uneven terrain.  The claimant has the ability to understand, carryout and remember simple, routine tasks, with no more than occasional contact with the general public.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW he could perform.  (Tr. 22, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 23-24, Finding 10).  The VE testified at the administrative hearing regarding this issue.  *Id.*

Considering Plaintiff's age, education, work experience, and RFC, the VE testified such an individual retained the capacity to perform the following occupations: (1) assembler, plastic hospital

products (unskilled, light) with 8,000 such jobs in the national economy and 200 in Arkansas; (2) assembler, small products (unskilled, light) with 45,000 such jobs in the national economy and 300 in Arkansas; and (3) bench assembler (unskilled, light) with 12,000 such jobs in the national economy and 180 in Arkansas.  (Tr. 23-24, Finding 10).  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from October 6, 2010 through his date last insured or through December 31, 2013.  (Tr. 24, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7).  On December 15, 2014, the Appeals Council denied this request for review.  (Tr. 1-3).  Plaintiff then filed the present appeal on January 13, 2015.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on Feburary 3, 2015.  ECF No. 8.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the

record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in assessing the opinions of his physicians; (2) the ALJ erred in presenting his hypothetical to the VE and in eliciting a response from the VE; and (3) the ALJ erred in finding he retained capacity to perform light work. ECF No. 12. Upon review of these claims, the Court finds the ALJ improperly evaluated Plaintiff's subjective complaints. Accordingly, the Court will only address Plaintiff's third argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski.* Indeed, although the ALJ recited he had complied with *Polaski*, the ALJ did not examine the *Polaski* factors and provided no inconsistencies to support his decision to discount Plaintiff's subjective complaints. The ALJ provided the following instead:

> After careful consideration of the medical opinions of record, the undersigned finds that the claimant's medically determinable impairments can reasonably be expected to produce *some* of the alleged symptoms. In view of the foregoing, consistent with *Polaski v. Heckler* and SSR 96-7p, the undersigned finds that the claimant's subjective complaints are credible only to the extent that they are compatible with the objective medical evidence, the record as a whole and the established residual

>functional capacity.  The description of the symptoms and limitations, which the claimant has provided throughout the record has generally been unpersuasive.

(Tr. 20).

Then, the ALJ stated he actually discounted Plaintiff's subjective allegations of disabling pain because those allegations were not supported by his medical records: "The intensity of the claimant's symptoms, including back and shoulder pain, and the extent of the alleged functional limitations, *are not supported by objective findings or the record of medical treatment*."  (Tr. 20) (emphasis added).  Indeed, apart from the fact those allegations were not supported by his medical records, the ALJ provided no other reason for discounting Plaintiff's subjective complaints.

The Court finds the ALJ's decision to discount Plaintiff's subjective complaints because they were not supported by his medical records was entirely improper under *Polaski*.  See *Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]").  *Polaski* prohibits this exact practice of evaluating a claimant's RFC based upon the medical evidence alone.  Accordingly, because the ALJ provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of August 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE